BRUNÓT, J.
 

 Mrs. Sarah Butler died April 29, 1914, leaving an estate consisting of real
 
 *225
 
 and personal property, and four surviving children, viz. Mrs. Katherine Lory, widow of Joseph Bowes, Mrs. Sarah Lory, widow of Erick Anderson, William Lory, and Francis Lory, Jr. Francis Lory, Jr., left the state of Louisiana about eleven years prior to Mrs. Butler’s death, and has not been heard from since the year 1904. Shortly after Mrs. Butler’s death, her succession was opened, the heirs were recognized, and thereafter the three surviving children, present in the state, filed proceedings in the civil district court contradictorily with the absentee, Francis Lory, Jr., through a curator ad hoc, and, pursuant to the judgment rendered in those proceedings, the real property, belonging to the succession of the deceased, was sold, the entire estate was partitioned among the four heirs, and they were each sent into possession of their virile share thereof, and the Commercial-Germania Trust & Savings Bank (now the Canal Bank & Trust Company) was appointed curator for the absentee, Francis Lory, Jr. William Lory, one of the heirs, died in 19Í6, and was survived by six children. His succession was opened, and Fkancis A. Lory qualified as administrator thereof, and, in that capacity, he joins herein as one of the relators.
 

 Relators aver that Francis Lory, Jr., is an absentee; that his wife died without issue; that he has not been heard from since 1904, and his existence is unknown; and that, through error of their rights under the provisions of article 77 of the Revised Civil Code, they opened the succession, and partitioned the estate of their deceased mother contradictorily with a curator appointed to represent him. They filqd a petition in the civil district court in which these facts are alleged, and in which they pray to be recognized as the sole heirs of the decedent, and that they be sent into absolute possession of the entire estate left by her. The learned judge of the civil district court declined to render a judgment as prayed for in the petition, but, instead, proposed to render a judgment in favor of the petitioners and sending them into the • provisional possession of the property.
 

 Relators thereupon applied to this court for a writ of mandamus to compel the judge of the civil district court to render and sign a judgment recognizing them as the sole heirs of Mrs. Sarah Butler, deceased, and sending them into the possession and absolute ownership of her entire estate.
 
 Á
 
 rule nisi issued, the judge, for return, submits the matter on the face of the application and annexed documents, and in this form it is presented to us.
 

 Relators seek, by a purely ex parte proceeding, to apply article 77 of the Civil Code, after having the absentee, Francis Lory, Jr., recognized as a forced heir; after having him and his coheirs sent into possession of his deceased mother’s estate; after having that estate partitioned contradictorily with a curator appointed to represent him; and after the absentee’s curator has been placed in physical possession of the property inherited by him.
 

 Relator’s theory is that they made a grave mistake in provoking the several proceedings and obtaining the judgments just enumerated, and upon their ex parte showing and allegation of error they ask the court to ignore those decrees and grant them the relief prayed for in their application.
 

 We think the district judge properly refused to do so, and properly proposed to apply article 57, C. C., which is as follows:
 

 “When a person shall not have appeared at the place of his domicile or habitual residence, and when such person shall not have been heard of, for five years, his presumptive heirs may, by producing proof of the fact, cause themselves to be put by the competent judge into provisional possession of the estate which belonged to the absentee at the time of his departure, or at the time he was heard of last, on condition of their giving security for their administration.”
 

 
 *227
 
 Relators have quoted excerpts from Martinez v. Wall, 107 La. 737, 31 So. 1023, and Succession of Williams, 149 La. 198, 88 So. 791.
 

 Neither of these cases has the slightest application to the facts presented at this time. Both cases are well reasoned and express sound legal principle to which we adhere.
 

 For these reasons, the rule nisi issued herein is recalled, and the application for writ of mandamus is denied, at relators’ cost.
 

 ST. PAUL, J., dissents.